UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, as subrogee of MARTHA PARKHURST, | )<br>)<br>)<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. 1:13-cv-12211 |
| UNITED STATES POSTAL SERVICE and ARLENE NADEAU, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                    **August 8, 2014**

### I.     Introduction

Plaintiff Liberty Mutual Insurance Co. ("Liberty Mutual") brings this action against Defendants, the United States Postal Service ("USPS") and Arlene Nadeau ("Nadeau" or, collectively with USPS, "Defendants"), arising out of a car accident involving Martha Parkhurst ("Parkhurst"), an employee of the Massachusetts Society for Prevention of Cruelty to Animals ("MSPCA"), and Nadeau, an employee of the USPS. Liberty Mutual seeks reimbursement from the USPS for workers' compensation benefits paid to Parkhurst as a result of the accident. The Defendants now moves to dismiss. D. 7. For the reasons set forth below, the motion is DENIED.

1

## II. Factual Allegations and Procedural History

On September 9, 2010, Parkhurst was driving a vehicle when she was rear-ended by Nadeau. D. 1 ¶¶ 6, 8. Parkhurst sustained "severe, serious, and permanent injuries." D. 1 ¶13. At the time of the accident, Parkhurst was acting in the course and scope of her employment with MSPCA. Id. ¶¶ 2, 6. Nadeau was driving a mail truck owned by her employer, USPS. Id. ¶¶ 4, 9. Liberty Mutual alleges that the accident was caused by the negligence of the Defendant. Id. ¶ 11.

The parties do not dispute that the vehicle driven by Parkhurst was owned by MSPCA. D. 9 ¶ 2. The parties further do not dispute that Liberty Mutual provided MSPCA with automobile insurance. Id. ¶ 4; D. 8-1.

Liberty Mutual issued a workers' compensation insurance policy to MSPCA. D. 9 ¶ 5. The insurance policy grants to Liberty Mutual, on behalf of Parkhurst, the right to recover from a tortfeasor and responsible party amounts paid under the policy. See id. ¶¶ 5-6. Liberty Mutual paid workers' compensation benefits of $43,489.17 to Parkhurst pursuant to the policy issued to MSPCA. D. 8-3 at 2.

On September 28, 2010, Liberty Mutual filed a claim with USPS seeking $2,211.78 for damage to the car owned by MSPCA and driven by Parkhurst at the time of the accident. D. 8-1 (letter from Liberty Mutual to USPS). On November 1, 2010, USPS permitted recovery and enclosed a check in the amount requested. D. 8-2 (letter from USPS to Liberty Mutual). The letter stated in part that the "check operates as a complete release and bars recovery of any additional or future claims against [USPS] . . . by reason of the same subject matter. Should there be any subrogation claims or liens, or any outstanding indebtedness, they must be satisfied from the proceeds of this check." Id.

Liberty Mutual accepted the check. D. 8-3 at 2 (letter from Liberty Mutual's counsel to USPS).

On July 7, 2012, Liberty Mutual requested an additional payment of $43,489.17 as reimbursement for the workers' compensation benefits paid to Parkhurst. D. 8-4 (letter from Liberty Mutual to USPS). Liberty Mutual's request referenced Parkhurst as the employee and MSPCA as the employer. Id. It also referenced a claim number different from that in its September 28 request. Id. On May 6, 2013, the Defendant denied the claim. D. 8-5 (letter from USPS to Liberty Mutual). The Defendant explained that the previous payment of $2,211.78 was "in full and final settlement of the claim you submitted" and that "the release letter, which accompanied our previous payment, indicated that acceptance of the check acts a complete release and bars any additional or future claims against" USPS. Id. The letter further stated that "cashing of a settlement check constitutes a release of the claim and bars consideration of any further claims arising from the same accident." Id.

Liberty Mutual brought this action on September 6, 2013 claiming negligence and seeking reimbursement for the amounts paid to Parkhurst. D. 1. The Defendant has moved to dismiss for lack of subject matter jurisdiction, contending that sovereign immunity bars the suit. D. 7, 8. The Court heard the parties on the pending motion on July 30, 2014 and took the matter under advisement. D. 12.

### III. Governing Legal Standard

A motion to dismiss brought under Rule 12(b)(1) for lack of subject matter jurisdiction is subject to the same standard of review as motions brought under Rule 12(b)(6). Muller v. Bedford VA Admin. Hosp., No. 11–10510–DJC, 2013 WL 702766,

at *2 (D. Mass. Feb. 25, 2013) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir.1999)); see Sea Shore Corp. v. Sullivan, 158 F.3d 51, 54 (1st Cir.1998).

The Court is required to "assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 1997). The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, taking all the facts as alleged in the complaint as true, there must be sufficient facts to demonstrate "more than a sheer possibility" that the plaintiff is entitled to relief. Garcia-Catalan v. United States, 734 F.3d 100, 102-03 (1st Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In addition to the facts set forth in the complaint, the Court may also "consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiff's claim; [and] documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

**IV. Discussion**

The Federal Tort Claims Act ("FTCA"), under which this action arises, seeks to avoid piecemeal litigation. It provides that:

> [t]he acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter.

28 U.S.C. § 2672. The Defendants argues that this language prohibits any claim arising from the same subject matter once a settlement has been accepted, regardless of whether the subsequent claim is different from the settled claim. D. 8 at 5. Liberty Mutual

4

responds that it is subrogee of two different claimants. D. 9 at 3. In the automobile property damage claim, Liberty Mutual acted as subrogee of MSPCA. Id. In the workers' compensation claim, it was acting as subrogee of Parkhurst. Id.

The Court concludes that Liberty Mutual's claim, as subrogee of Parkhurst, is not barred by the FTCA. Section 2672 provides that a settlement is final and conclusive on a claimant once the settlement is accepted by that claimant. The automobile claim asserted by Liberty Mutual was on behalf of claimant MSPCA, the owner of the car involved in the accident. The subsequent claim for reimbursement of workers' compensation benefits paid to Parkhurst was on behalf of a different claimant, Parkhurst. Although both claims arose from the same subject matter, the claimants are different. Liberty Mutual is a party to both claims, but the underlying claimants which are subrogated to Liberty Mutual are separate. Liberty Mutual would have no claim for property damage or for workers' compensation benefits but for the separate claimants which possessed the claims in the first instance.

Massachusetts workers' compensation law permits the Plaintiff to stand in the place of Parkhurst as the employee seeking to enforce liability against USPS. "Where the injury for which compensation is payable was caused under circumstances creating a legal liability in some person other than the insured to pay damages in respect thereof, the employee shall be entitled . . . to the compensation and other benefits provided under" the workers' compensation provisions. Mass. Gen. L. c. 152, § 15. "Either the employee or insurer may proceed to enforce the liability of such person . . . ." Id. Thus, by statute, either Liberty Mutual or Parkhurst may proceed against USPS as the liable party.

5

Liberty Mutual as subrogee acquires only the rights that can be asserted by the subrogor. Home Owners' Loan Corp. v. Baker, 299 Mass. 158, 162 (1937) (noting that "the insurer can take nothing by subrogation but the rights of the assured") (quoting Phoenix Ins. Co. v. Erie & W. Transp. Co., 117 U.S. 312, 321 (1886)); Liberty Mut. Ins. Co. v. Nat'l Consol. Warehouses, Inc., 34 Mass. App. Ct. 293, 297 (1993) (stating that "[a] subrogee stands in the shoes of the subrogor in whose name the action is brought"). Liberty Mutual asserted the property damage claim as subrogee of MSPCA because only MSPCA possessed that claim as the owner of the damaged car. Similarly, Liberty Mutual asserted the workers' compensation claim as subrogee of Parkhurst because Parkhurst could assert that claim as the injured employee.

The Defendants' reliance on Murphree v. United States, 2011 U.S. Dist. LEXIS 54532, No. 10-4122-WEB (D. Kan. May 20, 2011) is misplaced. In Murphree, the plaintiff accepted a settlement for damage to her car and later brought a claim for personal injury resulting from the same accident. Id. at *2-3. The court concluded that Murphree's claim for personal injury was barred by the FTCA because she had already accepted a check in settlement for the property damage and therefore waived all further claims. Id. at *18.

Murphree is distinguishable on its facts. The same claimant, after settling one claim, sought to assert another claim arising from the same subject matter. Here, two different claimants, albeit through the same subrogee, assert separate claims. Counsel was not aware of and has not cited any cases presenting a closely analogous situation and the Court was unable find any such cases. Here, however, looking beyond Liberty Mutual to the claimants it represents, respectively, this case presents two claimants with

two claims arising from the same accident. Whether there are two insurance companies asserting the claims of two claimants (as may more often be the situation) or one insurance company acting on behalf of both, as is the case here, the result should be the same. A plain reading of the FTCA and the ordinary meaning of the language in the statute supports this conclusion as well. Matamoros v. Starbucks Corp., 699 F.3d 129, 134 (1st Cir. 2012) (noting that an inquiry into statutory meaning begins with the language of the statute itself and that the court assumes "that the ordinary meaning of the statutory language expresses the legislature's intent. . . .").

## V.     Conclusion

For the aforementioned reasons, the Defendants' motion to dismiss, D. 7, is DENIED.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge